# United States Court of Appeals for the Federal Circuit

2006-1371
(Serial No. 09/211,928)

IN RE PETRUS A.C.M. NUIJTEN

Jack E. Haken, Philips Intellectual Property & Standards, of Briarcliff Manor, New York, filed a petition for rehearing en banc for the appellant. Of counsel was Larry Liberchuk.

Stephen Walsh, Acting Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, filed a response to the petition for the Director of the United States Patent and Trademark Office. With him on the response were Thomas W. Krause and Raymond T. Chen, Associate Solicitors.

Appealed from:     United States Patent and Trademark Office
                   Board of Patent Appeals and Interferences

# United States Court of Appeals for the Federal Circuit

2006-1371
(Serial No. 09/211,928)

IN RE PETRUS A.C.M. NUIJTEN

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

ON PETITION FOR REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, LOURIE, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

LINN, <u>Circuit Judge</u>, with whom NEWMAN and RADER, <u>Circuit Judges</u>, join, dissents from the denial of the petition for rehearing en banc.

<u>O R D E R</u>

A petition for rehearing en banc was filed by the Appellant, and a response thereto was invited by the court and filed by the Director of the United States Patent and Trademark Office. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc and response were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for panel rehearing is denied.

(2) The petition for rehearing en banc is denied.

(3) The mandate of the court will issue on February 19, 2008.

FOR THE COURT


February 11, 2008                    /s/ Jan Horbaly
        Date                         Jan Horbaly
                                     Clerk


cc:    Jack E. Haken, Esq.
       Stephen Walsh, Esq.

2006-1371                   2

# United States Court of Appeals for the Federal Circuit

2006-1371
(Serial No. 09/211,928)


IN RE PETRUS A.C.M. NUIJTEN



Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

LINN, <u>Circuit Judge</u>, with whom NEWMAN and RADER, <u>Circuit Judges</u>, join, dissenting from the denial of the petition for rehearing en banc.

I respectfully dissent from the court's decision not to rehear this case en banc. As I explained in my dissent from the panel opinion in this case, our decision conflicts with our own precedents as well as those of the Supreme Court. <u>See</u> <u>In re Nuijten</u>, 500 F.3d 1346, 1358 (Fed. Cir. 2007) (Linn, J., concurring-in-part and dissenting-in-part). It conflicts with our own precedent because our predecessor court's decision in <u>In re Breslow</u>, 616 F.2d 516 (C.C.P.A. 1980), forecloses the majority's conclusion, <u>see</u> <u>Nuijten</u>, 500 F.3d at 1356, that something "transient" or "fleeting" cannot constitute a "manufacture" under 35 U.S.C. § 101. And it conflicts with Supreme Court precedent because it ignores the Supreme Court's analysis of how, in general terms, § 101 is to be construed. As the Court discussed in <u>Diamond v. Chakrabarty</u>, patentable subject matter includes "anything under the sun that is made by man" except for certain enumerated exceptions: "The laws of nature, physical phenomena, and abstract ideas have been held not patentable." 447 U.S. 303, 309 (1980). The majority's narrow construction of "manufacture" ignores this framework.

In addition, this case raises important questions about the relationship between § 101 and § 103. In this case, we affirm the PTO's rejection of claims to a signal simpliciter, but the PTO has allowed a claim to a storage medium containing the very same signal, on the grounds that the storage medium is a manufacture that can be rejected, if at all, only under some provision other than § 101. In particular, the PTO considers the patentability of such claims under the "printed matter" doctrine of § 103. See In re Lowry, 32 F.3d 1579 (Fed. Cir. 1994). These distinctions make no practical sense and are poorly supported by precedent, which, to the contrary, requires a more holistic approach to the question of whether a claim is directed only to an unpatentable abstraction or whether it is directed to a patentable application of such an abstraction to an otherwise statutory invention. Cf. Parker v. Flook, 437 U.S. 584, 591 (1978) ("The process itself, not merely the mathematical algorithm, must be new and useful."); cf. also In re Abele, 684 F.2d 902, 909 (C.C.P.A. 1982) ("As was the case in [Diamond v. ]Diehr[, 450 U.S. 174 (1981),] . . . the algorithm is but a part of the overall claimed process."). The distinctions that are drawn between signals and storage media containing those signals would appear to apply equally to the distinctions between software and hardware and are artificial at best.

For these reasons, I would rehear this case en banc.